UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODNEY H. S. KIM,<br><br>　　　　　Defendant. | Case No. CR94-5246FDB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) and TO STRIKE ILLEGAL PORTION OF SENTENCE |

Defendant was convicted with his co-defendants of wire fraud, money laundering, and conspiracy for his role in defrauding investors, (including non-profit Unity House, Inc., which agreed to invest $10 million with the Defendants' company, North Pacific Investments, Inc., losing all but $650,000 that was returned to it as "profit" from the first "European prime bank note" transaction). Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which grants a court discretion to modify a previously imposed term of imprisonment when the sentencing range has subsequently been lowered by the Sentencing Commission.

Amendment 634 ties the offense levels for money laundering more closely to the underlying conduct that was the source of the funds; provides for enhancement to reflect the differing seriousness of the underlying conduct; providing enhancement (a) to ensure punishment for both money laundering and the underlying offense, (b) to reflect the nature and sophistication of the offense, (c) where the offense involved sophisticated laundering (*e.g.* offshore financial accounts, two or more levels of transactions).

ORDER - 1

Defendant argues that his case did not involve money laundering in the context of drug dealing, violence, national security, terrorism, which would receive a substantial enhancement; his case only involved the $10,000,000, which the Government "flipped over" into the money laundering counts.

Defendant was sentenced to 189 months imprisonment, based on a total offense level of 35 resulting in a guideline range of imprisonment of 168 to 210 months.

Defendant parses through the calculation since Amendment 634 to the Sentencing Guidelines and concludes that he would have a total offense level 10, a criminal history category of 0, resulting in a sentence range of 6 – 12 months, and he suggests a midrange sentence of 9 months. Defendant argues that any enhancement not proven to the jury may not be imposed by the judge, and that the three years supervised release may not be imposed if he is released now upon correction of his sentence.

The Government has responded arguing that the Sentencing Guidelines Amendment does not result in a lower sentencing range. A review of the calculation in consideration of the Amendment results in the same guideline range of 168 to 210 months, using the 2006 Guideline Manual. The wire fraud statutes were amended in 2002 to increase the penalty from five to twenty years maximum imprisonment. Even if one looks at the statutory maximum for wire fraud at the time of conviction, the calculation would result in a total offense level of 34 and an imprisonment range of 151 to 188. The Government argues that a court is not required to reduce the sentence, but must consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether a reduction in a particular defendant's sentence is appropriate. The Government argues that considering –

First, the "nature and circumstances of the offense," Section 3553(a)(1), which involved an elaborate scheme to defraud a labor union consisting of many individual members;

Second, the "history and characteristics of the defendant," *id.*, who has no criminal record, but who was subject of a disciplinary action by the Hawaii State Bar, charging him with receiving

ORDER - 2

unauthorized funds from accounts in his care, submission of forged documents to the court, and participating in the creation and preservation of false evidence , ultimately resulting in Defendant resigning from the bar; and

Third, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *id.*   Here Stafford New, the leader, received 236 months; Morreon Rude, the least culpable, received 135 months; and Defendant Kim and Jack Gonzales (also a lawyer), each received sentences of 189 months.

As to the enhancements, the Government argues that the Sentencing Guidelines are now advisory since *United States v. Booker*, 543 U.S. 220 (2005) and the sentencing court – not the jury – can determine whether various sentencing enhancements are applicable. *United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir. 2006)("We have held that following [*Booker*], district courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard.")

The Court concludes that in Defendant's circumstances, the original sentence of 189 months is appropriate. Defendant's total offense level is 36 or 34 depending on whether the current Guidelines manual is used or whether the calculation is based on the earlier guidelines; but considering the Section 3553(a) factors, the court is convinced that the Defendant's 189-month sentence should not be adjusted.

ACCORDINGLY, IT IS ORDERED: Defendant Rodney H.S. Kim's Motion for Reduction of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) and To Strike Illegal Portion of Sentence [Dkt. # 562] is DENIED.

DATED this 11th day of September, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3